# EXHIBIT 2

DAVID ALLEN JOHNSON

v.

FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES I through x, and ROE CORPORATIONS I through X, inclusive.

Case No. TO BE DETERMINED

**DEFENDANTS' EXHIBITS TO DEFENDANT FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY'S PETITION FOR REMOVAL**

# EXHIBIT 2

COMPLAINT FILED BY PLAINTIFF IN CLARK COUNTY, NEVADA, EIGHTH JUDICIAL DISTRICT COURT, CASE NUMBER A-17-754637-C



COMP
Clay R Treese, Esq.
Nevada Bar No. 9923
THE LAW OFFICE OF CLAY R TREESE
2272 South Nellis Boulevard, Suite 1
Las Vegas, Nevada 89104
Telephone: (702) 727-4747
Facsimile: (702) 727-4744
Attorney for Plaintiff

Electronically Filed
4/27/2017 3:31 PM
Steven D. Grierson
CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

DAVID ALLEN JOHNSON, individually,

Plaintiff,

vs.

FOREMOST PROPERTY AND CASUALTY INSURANCE COMPANY, and DOES I through X, , and ROE CORPORATIONS I through X, inclusive,

Defendants.

CASE NO.: A-17-754637-C
DEPT NO.:

Department 16

**COMPLAINT**

COMES NOW, Plaintiff DAVID JOHNSON (hereinafter "JOHNSON"), by and through her legal counsel, CLAY R TREESE, ESQ., for claims against Defendants, FOREMOST PROPERTY AND CASUALTY COMPANY (hereinafter "FOREMOST"), and each of them, avers and alleges as follows:

### PARTIES

1. JOHNSON was, and at all times herein stated was, a resident of the County of Clark, State of Nevada.

2. That at all times relevant herein, Defendant, FOREMOST was and is a foreign corporation licensed to sell insurance in the state of Nevada.

3. That Defendant, FOREMOST maintains a place of business in Nevada, maintains business licenses issued exclusively by the State of Nevada and its political subdivisions, hires employees who work and reside in Nevada, advertises in Nevada, enters into contracts with Nevada residents with the intent that said contracts be performed in Nevada and interpreted solely under Nevada law, pays business taxes in the State of Nevada, and otherwise acts with the intent

to be a corporate citizen domiciled in Nevada, with an intent to remain in the State of Nevada for an indefinite period of time.

4. Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident defendants designated herein as ROE INSURANCE COMPANY, DOES I through X, inclusive, and ROE CORPORATIONS I through X, inclusive, are unknown to JOHNSON at the present time; however, it is alleged and believed these Defendants were involved in the initiation, approval, support, or execution of the wrongful acts upon which this action is premised, or of similar actions directed against JOHNSON about which they are presently unaware. It is alleged that said DOE and ROE Defendants directly and proximately caused injury and damages thereby to JOHNSON. As the specific identities of these parties are revealed through the course of discovery, the DOE and ROE appellation will be replaced to identify these parties by their true names and capacities.

5. That named Defendants, ROE INSURANCE COMPANY, DOE Defendants, and ROE CORPORATIONS Defendants, and each of them, at all relevant times, were the owner, partner, servant, officer, agent, and employee of all the other Defendants, and each of them, and were at all relevant times acting within the scope and performance of said partnership, agency, master/servants, and employment relationship.

6. At all times relevant herein, ROE INSURANCE COMPANY, DOE Defendants, and ROE CORPORATIONS Defendants were agents of the other remaining Defendants and were acting with actual and/or apparent authority in the conduct alleged.

7. The actions of the Defendants and their employees, whether or not within the scope of their agency, were ratified by the other remaining individuals, corporate or partnership Defendants.

8. Defendants FOREMOST, issued a certificate of insurance for the time period in issue. This policy provided for collision and/or comprehensive coverage in the event damage to his motorcycle.

9. On or about May 5, 2012, JOHNSON lost control of his motorcycle while headed southbound on I-15 approaching Victorville, California which resulted in severe personal injury as well as significant damage to the insured motorcycle.

10. JOHNSON submitted his claim for collision and/or comprehensive benefits to FOREMOST and requested that FOREMOST conduct a reasonable investigation and reasonable evaluation of JOHNSON's motorcycle and FOREMOST has failed and/or refused to pay those benefits fairly due and owing under JOHNSON's contract of insurance.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

11. JOHNSON realleges and reincorporates herein each, every and all of the allegations contained in all of the foregoing paragraphs, as though fully set forth herein.

12. JOHNSON paid all premiums due under said policy of insurance, all proofs of loss were submitted under said policy, and JOHNSON has performed all conditions required by the policy to be performed.

13. FOREMOST breached said policy of insurance by failing to promptly investigate, evaluate and pay any and all undisputed amounts, and to pay any amounts due and owing under the contract of insurance to JOHNSON.

14. As a proximate result of FOREMOST'S breach of contract as herein alleged, JOHNSON has sustained damages in an amount in excess of $15,000.00 but less than $75,000, the exact amount to be proven at the time of trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing)

15. JOHNSON realleges and reincorporates herein each, every and all of the allegations contained in all of the foregoing paragraphs, as though fully set forth herein.

16. Implied in the policy of insurance issued by FOREMOST to JOHNSON, is a covenant by the FOREMOST that they would act in good faith and deal fairly with JOHNSON and that they would do nothing to interfere with the rights of JOHNSON to receive the benefits of said policy.

17. FOREMOST failed to investigate, evaluate, pay undisputed amounts, or reasonably settle this claim. FOREMOST, through its agents, acted unreasonably in delaying and denying the payment of JOHNSON's claims.

18. FOREMOST has failed to initiate a reasonable investigation, and communicate timely and meaningfully with JOHNSON with regards to JOHNSON's claim, pay undisputed amounts, or settle this claim pursuant to the terms of the Underinsured Motorist provisions of this policy. FOREMOST has failed to conduct a prompt, thorough and reasonable investigation in regard to said claim, has failed to conduct a prompt, thorough and reasonable evaluation in regard to said claim, and has failed to pay any and all undisputed amounts in regard to said claim, and has failed to reasonably and promptly settle said claim.

19. FOREMOST in its breach of its duty to adjust JOHNSON's claim in good faith and to investigate every available source of information in a reasonable manner, set out in a course of conduct to compel JOHNSON to institute litigation to recover amounts due under the insurance policy, forcing JOHNSON to seek the legal services of duly qualified and licensed attorneys or to abandon this claim or to accept a settlement of the claim below its reasonable and fair value.

20. As a further and direct result of FOREMOST's wrongful conduct, JOHNSON has suffered mental and emotional distress, aggravation and worry, all to her substantial and additional damages in excess of $15,000.00 but less than $75,000.

21. FOREMOST's wrongful conduct as alleged herein, was malicious, oppressive and fraudulent, justifying an award of punitive damages against JOHNSON.

**THIRD CLAIM FOR RELIEF**
**(Violation of the Trade Practices and Frauds Act 686A.310, NAC 686A, et seq.)**

22. JOHNSON realleges and reincorporates herein each, every and all of the allegations contained in all of the foregoing paragraphs, as though fully set forth herein.

23. FOREMOST is engaged in the business of insurance in the State of Nevada and the policy was issued and delivered in the State of Nevada.

24. FOREMOST committed the acts referred to above knowingly and consisting of: a) failing to effectuate prompt and fair and equitable settlement of claims in which the liability of the insurer has become reasonably clear; b) compelling the insured to institute litigation to recover amounts due under the insurance policy and/or offer substantially less than the amounts ultimately in actions brought by such insured, when the insured has made claims for amounts reasonably similar to the amount ultimately recovered; c) failing to provide promptly to the insured a reasonable explanation of the basis of the insurance policy, with respect to the facts of the insurance claim and the applicable law for the delay and denial of her claim for an offer to settle and compromise her claim; d) failing to adopt and implement reasonable standards with prompt investigation and processing of claims arising under their insurance policy; and e) failing to settle claims promptly, where liability has become reasonably clear, under one portion of the insurance policy in order to influence settlements under other policies of insurance.

25. As a proximate and direct result of FOREMOST's violation of statutory law, JOHNSON has been damaged and has suffered as set forth above.

26. JOHNSON has been compelled to retain counsel to prosecute this action and is entitled to recover his reasonable attorneys' fees and costs.

WHEREFORE, JOHNSON prays for judgment against FOREMOST as follows:

1. For general damages in a sum in excess of $15,000.00 but less than $75,000.00;
2. For special damages in a sum in excess of $15,000.00 but less than $75,000.00;
3. For punitive damages in an amount less than $75,000.00;
4. For costs of suit and a reasonable attorneys' fees; and
5. For such other and further relief as the Court may deem just and proper.

Dated this __27th__ day of April, 2017.

Clay R Treese, Esq.
2272 South Nellis Boulevard, Suite 1
Las Vegas, Nevada 89104
*Attorney for Plaintiff*

Page 5 of 5